IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge R. Brooke Jackson

Civil Action No. 15-cv-00464-RBJ

JASON SETTLE,

      Applicant,

v.

T. K. COZZA-RHODES, Warden, USP Florence,

      Respondent.

---

## ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") (Docket No. 9), filed April 2, 2015, by Applicant, Jason Settle.   On May 16, 2015, Respondent was ordered to show cause why the Application should not be granted.   Respondent filed a "Response to Order to Show Cause" ("Response") (Docket No. 21) and Applicant filed a "Traverse of Government's Response" ("Reply") (Docket No. 22).   After reviewing the pertinent portions of the record in this case including the Application and the Response,[1] the Court concludes that the Application should be denied.

---

[1] The Court notes that in the Reply, Applicant appears to challenge the legality of his sentence under the United States Sentencing Guidelines, instead of addressing the claim raised in his § 2241 Application. Consequently, the Court does not consider the Reply in this Order.   Applicant is reminded that a challenge to the legality of his sentence must be asserted in a motion filed in the sentencing court under 28 U.S.C. § 2255.   *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").

## I. BACKGROUND

On August 30, 2002, Applicant was taken into custody by Tennessee state authorities for the state charges of Convicted Felon in Possession of a Handgun, Criminal Attempt: First Degree Murder, Aggravated Assault, and Aggravated Robbery.   (Docket No. 21-1, Decl. of Forest B. Kelly, ¶ 7; *see also* No. 21-3 at 3).

Applicant made several federal court appearances between October 31, 2002 and September 26, 2005, while in the temporary custody of the United States Marshals Service.   (Docket No. 21-1, Decl. of Forest B. Kelly, ¶ 8; *see also* No. 21-4).

Applicant was convicted of violating 18 U.S.C. § 922(g) (felon in possession of a firearm) in United States District Court for the Western District of Tennessee Case No. 02-CR-20393.   (Docket No. 21-1, Decl. of Forest B. Kelly, ¶ 9).   He was sentenced to a 120-month prison term on January 26, 2004.   (*Id.*).   An Amended Judgment was entered on September 30, 2005, re-imposing the 120-month sentence, effective September 26, 2005.   (*Id.* at ¶ 10; *see also* Docket No. 21-5).   Both the Judgment and the Amended Judgment were silent as to whether Applicant was to serve the sentence concurrently or consecutively to any potential sentence imposed by a Tennessee state court.   (Docket No. 21-1, Decl. of Forest B. Kelly, ¶ 9*; see also* No. 21-5).

On February 6, 2006, Applicant was sentenced in a Tennessee state court to serve an aggregate 13-year, 6 month term of imprisonment for Attempted First Degree Murder, Aggravated Robbery, and Aggravated Burglary.   (Docket No. 21-1, Decl. of Forest B.

Kelly, ¶ 10; *see also* No. 21-6).   The state court credited Applicant with 1,256 days for his pre-sentence state custody (from August 30, 2002 - February 5, 2006).   (*Id.*).

On August 21, 2008, Applicant was released from the state prison and transferred into federal custody to serve his federal sentence.   (Docket No. 21-1, Decl. of Forest B. Kelly, ¶ 11; *see also* No. 21-2 at 3).   He has a projected release date, via good conduct time, of July 29, 2017.   (Docket No. 21-2 at 3).

In response to Applicant's administrative remedy request, the Bureau of Prisons ("BOP") contacted the federal sentencing court to inquire whether any of the time Applicant spent in state custody prior to commencement of his federal sentence should be credited to his federal sentence.   (Docket No. 21-1, Decl. of Forest B. Kelly, ¶ 16; *see also* No. 21-8 at 1-2). The federal court stated that a retroactive credit would not be appropriate in this case.   (Docket No. 21-8 at 3).

The BOP then reviewed Applicant's claim under the factors set forth in 18 U.S.C. § 3621(b) and concluded that a retroactive designation was not warranted and that Applicant's sentence had been computed correctly.   (Docket No. 21-1, Decl. of Forest B. Kelly at ¶¶ 17-18).

Applicant initiated this action by filing, *pro se*, a "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241" (Docket No. 1), on March 5, 2015.   He filed his § 2241 Application on the court-approved form, in compliance with a court order, on April 2, 2015 (Docket No. 9).   In a Preliminary Response to the Application (Docket No. 16), Respondent informed the Court that the affirmative defense of failure to exhaust

administrative remedies would not be asserted in this action.   The case was thereafter drawn to the undersigned.

In the Application, Mr. Settle claims that the BOP has calculated his federal sentence incorrectly.   He argues that his federal sentence commenced on the date of his federal sentencing and that he is entitled to credit against his federal sentence beginning on September 30, 2005.   (Docket No. 9 at 2).   Alternatively, Applicant suggests that he is entitled to additional credit against his federal sentence for time spent in the custody of the United States Marshals Service for the purpose of making federal court appearances.   (Docket No. 9 at 2).

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2241

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence "and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997). A challenge to the calculation of a federal prison sentence is properly brought under 28 U.S.C. § 2241. *See Bloomgren v. Belaski*, 948 F.2d 688 (10th Cir.1991); *see also United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (construing petitioner's request for *nunc pro tunc* designation of his state facility for service of federal sentence as a habeas corpus petition under 28 U.S.C. § 2241).

### B. *Pro Se* Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *Pro se* status does not entitle the litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## C.   Computation of Federal Sentence Under 18 U.S.C. § 3585

Computation of a federal prison sentence is governed by 18 U.S.C. § 3585. The statute provides:

> (a) Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

>> (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

5

that has not been credited against another sentence.

18 U.S.C. § 3585. *See also Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir.

2006) (computation of a federal sentence requires consideration of two separate

issues: (1) the commencement date of the federal sentence, and (2) the extent to which

a defendant can receive credit for time spent in custody prior to commencement of his

sentence). The Attorney General, through the BOP, is responsible for making the

sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S.

329, 334 (1992).

## D.  Designation of Place of Imprisonment

The BOP is afforded discretion to designate the place of imprisonment for

federal prisoners under 18 U.S.C. § 3621(b), which states, in pertinent part:

> **(b) Place of imprisonment.  –** The Bureau of Prisons shall designate
> the place of the prisoner's imprisonment. The Bureau may designate any
> available penal or correctional facility that meets minimum standards of
> health and habitability established by the Bureau, . . ., that the Bureau
> determines to be appropriate and suitable, considering–
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the [sentencing] court– (A) concerning the purposes
> [of the prison sentence]; or (B) recommending a type of penal or
> correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission
> pursuant to [28 U.S.C. § 994(a)(2) of title 28.]

18 U.S.C. § 3621(b).

## III. ANALYSIS

### A.   Commencement of Federal Sentence

Applicant claims that his federal sentence commenced on the date of federal sentencing, or during the period that he was in the temporary custody of the United States Marshall's Service for federal court appearances.   Respondent argues that Applicant's federal sentenced commenced on August 21, 2008, the date he was received into federal custody, after being released from his state court sentence. (Docket   No. 21 at 2-3).

As noted above, § 3585(a) states that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."   *See also Binford*, 436 F.2d at 1255 (under § 3585(a), a federal sentence does not commence until a prisoner is actually received into federal custody for the purpose of serving his federal sentence).

The Court first rejects Applicant's contention that he was in federal custody beginning on October 31, 2002, and through September 26, 2005, because he was in the temporary custody of the United States Marshals Service for the purpose of appearing in federal court.   *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) (recognizing that when two sovereigns may claim custody over a prisoner, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant."); *see also Brown v. Perrill*, 28 F.3d 1073, at 1073-1074 (10th Cir. 1994) (when a state transfers a person in

custody to the federal government pursuant to a writ of habeas corpus *ad prosequendum*, the federal detention is generally recognized as being temporary)(citing *Hernandez v. United States Attorney General*, 689 F.2d 915, 918-19 (10th Cir. 1982)). The time spent in federal detention under a writ of habeas corpus *ad prosequendum* is credited against the state sentence but not against the federal sentence.   *See Binford*, 436 F.3d at 1256; *United States v. Welch*, 928 F .2d 915, 916 n. 2 (10th Cir.1991); *Hernandez v. U.S. Atty. General*, 689 F.2d 915, 918-19 (10th Cir. 1982).   The Court finds that Tennessee did not relinquish its primary jurisdiction over Applicant while he was in the temporary custody of the United States Marshal's Service.

The Court next addresses Applicant's argument that his federal sentence commenced on the date of the federal sentencing.   Federal district courts have the discretion to order that a federal sentence run concurrently or consecutively to an anticipated state sentence, even when the state charges remain unadjudicated. *See Setser v. United States*, _____ U.S. _____, 132 S.Ct. 1463, 1468 (2012) (adopting the view of "a large majority of the federal appellate courts," including this one, that a sentencing court has authority to select whether a sentence will run concurrently or consecutively with a state sentence that has not yet been imposed); *see also Anderson v. United States*, 405 F.2d 492, 493 (10th Cir.1969) (per curiam) (rejecting the argument that "'no court has the authority to impose a sentence consecutive to something that does not exist'").   However, if the federal sentencing court is silent on the matter, there is a statutory presumption under § 3584(a) that multiple sentences imposed at different times--even as between sentences imposed by state and federal

8

courts–will run consecutively.   *See* 18 U.S.C. § 3584(a) (stating that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").   In Applicant's case, the presumption of consecutive sentencing applies because the federal sentencing court did not state whether Applicant's federal sentence would run consecutively or concurrently with any subsequent state sentence.

In any event, upon receiving Applicant's request for retroactive designation of his state facility for service of his federal sentence, the BOP sent an inquiry to the federal sentencing court as to whether the federal sentence should commence on the date it was imposed (September 26, 2005) or the date that Applicant was received into federal custody (August 21, 2008).   (Docket No. 21-8 at 2-3).   The federal sentencing court responded that "retroactive designation would not be appropriate and would be contrary to the sentence in this case."   (*Id.* at 3).   The BOP thereafter considered the factors in 18 U.S.C. § 3621(b), including the statement of the sentencing judge, and determined that retroactive designation was not warranted.   (*Id.* at 4).

The Court finds that the BOP properly exercised its discretion in denying applicant's request for retroactive designation of his state facility for service of his federal sentence beginning on the date of federal sentencing. *See*, *e.g, Heddings v. Garcia*, No. 11-1346, 491 F. App'x 896, 899 (10th Cir. Aug. 7, 2012) (unpublished). The Court further finds and concludes that the BOP's determination that Applicant's federal sentence commenced on August 21, 2008, the date he was received into

federal custody for service of his federal sentence, is consistent with § 3585(a).   *See*

*Binford*, 436 F.2d at 1255.

## B.   Prior Custody Credit

Applicant contends that he is entitled to credit against his federal sentence for

some or all of the time that he spent in state custody.   (Docket No. 9 at 2).

Respondent maintains that under § 3585(b), Applicant is not entitled to any

additional credit against his federal sentence for time spent in state custody because all

of that time was credited against Applicant's state sentence.   (Docket No. 21 at 3).

Applicant does not challenge Respondent's statement, which is supported by

state court documents, that he received 1,256 days of credit against his state sentence

for the period August 30, 2002 (the date of his arrest by state authorities) to February 5,

2006 (the date the state court imposed sentence), and thereafter until he was released

from state prison on August 21, 2008 and taken into federal custody.   (Docket No.

21-1, Decl. of Forest B. Kelly, ¶¶ 10, 11; *see also* No. 21-4 at 3; No. 21-6).   However,

Applicant seeks credit against his federal sentence for all or part of this same period of

custody, which was prior to the commencement of his federal sentence and has already

been credited against his state sentence.   The Court concludes that Applicant is not

entitled to additional credit against his federal sentence because "Congress made clear

[in enacting § 3585(b)] that a defendant could not receive a double credit for his

detention time." *Wilson*, 503 U.S. at 337; *see also Esquivel v. Warden F.C.I., El Reno,*

No. 11-6269, 462 F. App'x 825, 827 (10th Cir. Feb. 14, 2012) (unpublished) ("Federal

law mandates that a prisoner may not receive credit toward a federal sentence 'for any

time . . . spent in official detention . . . credited against another sentence.'" (citing §

3585(b)); *O'Bryan v. Wiley*, No. 07-1328, 261 F. App'x. 117 (10th Cir. Jan. 17, 2008)

(unpublished) (affirming district court's finding that prisoner was not entitled to prior

custody credit for time already credited against previous sentences).

Based on the above findings, Applicant's claim that the BOP has computed his

federal sentence incorrectly lacks merit and the Application will be denied.

## IV.   ORDERS

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 ("Application") (Docket No. 9), filed by Applicant, Jason Settle, on April 2,

2015, is DENIED and this action is DISMISSED with prejudice.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

DENIED.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order is not taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438

(1962).   If Applicant files a notice of appeal, he must pay the appellate filing fee of

$505.00 or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated October 23, 2015, at Denver, Colorado.

BY THE COURT:

_____

R. BROOKE JACKSON
United States District Judge